

Opinions of the United
States Court of Appeals
for the Third Circuit

8-20-2008

# Robert Porter v. Dave Blake

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2173

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Robert Porter v. Dave Blake" (2008). *2008 Decisions.* Paper 635.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/635

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-258                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2173
_____

ROBERT R. PORTER,

Appellant

v.

DAVE BLAKE, Corrections Officer;
BARRY WRIGHT, Corrections Officer;
MARK CAPOZZA, Unit Manager

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00464)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 24, 2008

Before:  BARRY, CHAGARES and COWEN, <u>Circuit</u> <u>Judges</u>

Filed: August 20, 2008
_____

OPINION
_____

PER CURIAM

Appellant, Robert Porter, appeals from the final order of the United States District

Court for the Western District of Pennsylvania granting summary judgment in favor of

the defendants. For essentially the reasons provided by the Magistrate Judge, in a Report and Recommendation that was adopted as the opinion of the District Court, we will dismiss the appeal pursuant to 28 U.S.C. 1915(e)(2)(B).

Porter, an inmate previously incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), filed the underlying civil action against SCI-Greene correctional officers Donald Blake, Barry Wright and Mark Capozza. Porter alleged that sometime in mid to late March 2002, defendants Blake and Wright gave him an opened container of milk that they had contaminated with Hepatitis C and A blood. Porter claimed that this contaminated milk caused him to contract Hepatitis that same month. Porter further alleged that defendant Capozza, the Unit Manager, failed to report the incident despite his responsibility for supervising the officers.

The defendants ultimately filed motions for summary judgment, arguing that Porter had not exhausted administrative remedies and/or procedurally defaulted his claims insofar as the only grievance he filed (Grievance # 26070 submitted on July 13, 2002) merely complained that his health had been put in jeopardy as a result of his contraction of Hepatitis from an unknown source at SCI-Greene, and because it was rejected by the grievance officer as untimely. The Magistrate Judge to whom the action was referred agreed with the defendants that Porter failed to properly exhaust his administrative remedies, and recommended that the defendants' motions be granted. Over Porter's objections, the District Court adopted the recommendation, granting

summary judgment in favor of defendants. This timely appeal followed.

We exercise plenary review over the District Court's decision to grant summary judgment. See Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002). Under 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies before bringing a civil rights action concerning prison conditions, regardless of whether these remedies can provide the inmate with the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Pennsylvania Department of Corrections has a three-tier grievance system, set forth in Policy Statement DC-ADM 804, which serves as a prisoner's administrative remedy. See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). In order to avoid a procedural default, an inmate is required at the initial level to, inter alia, "identify any persons who may have information that could be helpful in resolving the grievance," and to submit the grievance "within fifteen (15) working days after the events on which the claims are based." Id. at 234, quoting DC-ADM 804, Part VI.A.1.d and VI.A.1.e.

Porter appears to contend that he exhausted his administrative remedies because he appealed Grievance # 26070 to final review. That contention, however, is erroneous. While Porter did in fact proceed with his grievance through all three tiers of the grievance system, the grievance officer rejected Grievance # 26070 as untimely while also noting that Porter failed to provide a date on which the medical issue allegedly occurred. The Superintendent thereafter denied Porter's appeal, specifically finding that,

3

insofar as Porter alleged he received his Hepatitis blood test results on April 11, 2002, his grievance dated July 13, 2002 was clearly outside the time requirements established by DC-ADM 804. The responses Porter received on initial review and from the Superintendent were upheld on final review by the Chief Grievance Coordinator. See Defendants' Brief in Support of Summary Judgment, Exhibit A 1-6. As the Supreme Court has explicitly held, an untimely "or otherwise procedurally defective administrative grievance or appeal" does not satisfy the mandatory exhaustion requirement of the Prison Litigation Reform Act. Woodford v. Ngo, 548 U.S. 81, 83 (2006). See also Spruill, 372 F.3d at 230.

Finally, Porter's contention that he is entitled to an exception to the exhaustion requirement because "defendants' misconduct evaded [his] perception," and because, after receiving his test results on April 11, 2002, he had "to recollect back to the incident of being given a funny tasting milk," is unavailing. As defendants asserted in their summary judgment motions, Porter's own allegations indicate that he suspected defendants Blake and Wright of contaminating his milk in March 2002 or, at the latest, in April after he learned the results of his blood test. This is a full three months prior to his submission of Grievance # 26070, wherein he claimed the source of his contraction of Hepatitis was unknown. Moreover, despite Porter's argument to the contrary, the exhaustion requirement is not excused merely because a prisoner *alleges* that the correctional defendants engaged in misconduct (unrelated to the grievance process itself)

4

and should be estopped from raising the exhaustion defense. The Supreme Court has stated, "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Woodford v. Ngo, 548 U.S. at 95. The administrative system was simply never given that opportunity with respect to a timely grievance against the named defendants in this case.

The record clearly reflects that Porter did not properly exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Summary judgment was thus appropriate because Porter failed to come forward with any evidence to rebut the record evidence that he committed a procedural default. See Fed. R. Civ. P. 56(e); see also Spruill, 372 F.3d at 230. We, therefore, discern no error in the District Court's decision granting summary judgment in favor of defendants. Accordingly, we will dismiss the appeal as lacking in merit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 U.S. 319 (1989). Appellant's motion for the appointment of counsel is denied. Tabron v. Grace, 6 F.3d 147, 155-58 (3d Cir. 1993).